IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| BOBBY KIRKENDOLL | § | |
| v. | § | CIVIL ACTION NO. 5:22cv145 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Bobby Kirkendoll, an inmate of the Federal Correctional Institution in Texarkana proceeding *pro se*, filed this civil action complaining of alleged deprivations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

In his original complaint, Plaintiff specifies that his lawsuit is not to be construed as an application for the writ of habeas corpus or for any statutory congressional post-conviction remedy. He says that the courts of the United States are "bound to proceed to judgment and to afford redress to suitors before them in every case in which their jurisdiction extends," citing *Chicot County v. Sherwood*, 148 U.S. 529 (1893).

Plaintiff states that procedural barriers or circuit precedents have created and enforced against him a statutory substitute for habeas corpus which caused him to be injured and to be in immediate danger because these barriers substantially affect his liberty to be free from unlawful detention. He argues that these barriers limit the remedies or relief he can receive and thus prevent him from receiving an affirmative right or privilege in violation of the Suspension Clause.

Plaintiff explains that 28 U.S.C. § 2255 is the exclusive remedy by which federal prisoners can attack their convictions, but the preconditions placed on this remedy affect the privilege of habeas corpus as defined by the framers of the Constitution. He complains that he cannot seek relief in habeas corpus absent a showing that a motion under § 2255 is inadequate or ineffective to test the legality of his detention, and states that "to require this petitioner to complete a §2255 collateral review, before proceeding with his habeas corpus actions, would be require additional months if not years of delay."

Plaintiff states that he was arrested in Caddo Parish, Louisiana, for felony offenses, and the Constitution of the State of Louisiana provides that state district courts have exclusive original jurisdiction over felony cases. Plaintiff discusses the separate sovereignty doctrine, indicating that he was also prosecuted in federal court over some or all of those same charges.

For relief, Plaintiff asks that "upon proving legislative action that caused him a direct injury and placed him in immediate danger, that he be allowed to use an individual judge's Article 3 judicial power that is inherent authority distinct from Article 3 of the U.S. Constitution. Petitioner request[s] the district judge issue the order and make it binding upon the court and all parties (whoever), and that the Petitioner may proceed with his action or claims after the order has been issued."

Documents attached by Plaintiff show that he was prosecuted in federal court in the Western District of Louisiana for possession of methamphetamine and cocaine as well as carrying and using a firearm during a drug trafficking crime and possession of a firearm by a convicted felon. (Dkt. No. 1, p. 54). He was also charged in Louisiana state court with possession of a firearm by a felon, possession of controlled substances, and aggravated flight from an officer. The date given for the federal charges and the date of the state search warrant are both given as April 17, 2019. Dkt. No. 1, pp. 23, 51.

Next, Plaintiff contends that the Louisiana law giving state district courts original jurisdiction over felony cases is unconstitutional because it conflicts with the provision in the U.S. Constitution

giving the Supreme Court original jurisdiction over cases where the State is a party. He also says that 28 U.S.C. § 1251, referring to the original jurisdiction of the Supreme Court, improperly rewrites the Constitutional provision by removing the clause "when the State shall be a party."

In a "motion to correct procedural posture" (Dkt. No. 15), Plaintiff again disclaims any intent to seek habeas corpus relief, asserting that his claim is brought as a federal question under 28 U.S.C. § 1331. He says that he is seeking a declaratory judgment and not monetary damages, and he is not proceeding under *Bivens*.

In a "motion to amend with leave of court" (Dkt. No. 16), Plaintiff again argues that the enacted statutory substitute [i.e. 28 U.S.C. § 2255] which contains "procedural barriers, judge made doctrines, dual-sovereignty doctrines, and circuit precedents, designed and allowed by legislature to cause or causing the Applicant to be in immediate danger and a direct injury, affecting his liberty as according to what the Framers' understanding of what the writ of habeas corpus meant to effectuate."

Plaintiff argues that § 2255 was created as a "substitute habeas corpus" which is unrecognizable to the Framers and gives the statutory scheme "precisely the opposite of its intended effect" by giving more opportunities for delay. He complains that these procedures have violated his habeas remedy because they do not allow the affirmative right of how the writ of habeas corpus existed in 1789, and are inadequate or ineffective to test the legality of detention.

For relief in his amended complaint, Plaintiff states that he is asking for "special damages" under Fed. R. Civ. P. 9(g), but does not specify what these damages are. He says that if the Supreme Court has held that the Suspension Clause protects the writ of habeas corpus as it existed in 1789, then this is the relief he is asking for; simply a remedy that would not impair his affirmative right of judicial inquiry in the cause of detention. He goes on to argue that he was subjected to double jeopardy by being prosecuted in state and federal court and asserts that this claim cannot be pursued through a § 2255 motion. He also complains that the grand jury proceedings were improper, the

indictment was defective, and he received ineffective assistance of counsel, rendering his conviction unlawful.

In another motion to amend (Dkt. No. 17), Plaintiff says that his claim is against the members of the 79th Congress, which met from January 3, 1945 to January 3, 1947, in their official capacities. He complains that the requirement in § 2255 that he show the remedy under this statute is "inadequate or ineffective" before he can seek habeas corpus relief lacks meaning and definition. He claims he has therefore been injured by the fact that the 79th Congress enacted § 2255, which statute is placing him in immediate danger - apparently by removing his ability his seek habeas corpus relief.

Plaintiff argues that any interpretation of § 2255 which would make it an adequate substitute for habeas corpus must be rejected because "Congress could not possibly have intended to enact an adequate substitute for habeas." As such, he asks, "where is the constitutional privilege of habeas corpus as applied to the Petitioner."

Court records show that on January 9, 2020, Plaintiff pleaded guilty in the Western District of Louisiana to Counts One and Four of the indictment against him, which charged him possession of methamphetamine and possession of a firearm by a convicted felon,. He received a sentence of 120 months in prison, running concurrently with any state sentence imposed. His direct appeal was dismissed as frivolous and he has sought relief under 28 U.S.C. § 2255. His § 2255 motion remains pending. *United States v. Kirkendoll*, civil action no. 5:22cv769 / criminal no. 5:19cr231.

**III. Discussion**

The First Judiciary Act authorized the federal courts to grant writs of habeas corpus for the purpose of an inquiry into the cause of commitment, although such writs could extend to prisoners in jail only where they were in custody under or by color of the authority of the United States, or were committed for trial before some court of the same, or were necessary to be brought into court to testify. *See* Act of September 24, 1789, § 14, 1 Stat. 82. In 1867, Congress expanded the federal courts' habeas power to cover all cases where any person may be restrained of his liberty in violation of the Constitution, or any treaty or law of the United States. Ch. 28, 14 Stat. 385.

However, the Judiciary Code was re-codified and reorganized in 1948. At that time, Congress re-codified the federal courts' pre-existing habeas authority in 28 U.S.C. § 2241 and 2243. At the same time, Congress created § 2255 as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks upon their sentences.

The sole purpose of this change was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum. *United States v. Hayman*, 342 U.S. 205, 219 (1952); *see also Davis v. United States*, 417 U.S. 333, 343 (1974) (noting that § 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus). This was done by routing § 2255 proceedings to the sentencing court, rather than the court where the prisoner was confined. Prisoners authorized to apply for relief under § 2255 were barred from seeking habeas corpus relief unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of detention - this is the so-called "savings clause" of § 2255. *Torres v. Young*, 457 F.App'x 427, *429 (5th Cir. 2012).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which limited successive § 2255 motions to ones which contain (a) newly discovered evidence which, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense, or (b) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, which was previously unavailable. However, neither a prior unsuccessful § 2255 motion, nor an inability to meet the requirements for pursuing a successive § 2255 motion renders the §2255 remedy unavailable so as to invoke the savings clause. *Torres*, 457 F.App'x at *429; *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000).

This statutory scheme has been repeatedly upheld by the courts. *Wesson v. United States Penitentiary, Beaumont, Texas*, 305 F.3d 343, 347 (5th Cir. 2002) (neither the savings clause nor § 2255's limitations on successive petitions violate the Suspension Clause); *see also Thompson v. Holder*, 480 F.App'x 323, *325 (5th Cir. 2012); *Bamdad v. Wilson*, 774 F.App'x 917, *918 (5th Cir

2019).   Thus, the fact that § 2255 contains what Plaintiff terms "procedural barriers" does not provide him any basis for relief.  He is not precluded from challenging his conviction and in fact is doing so, through a § 2255 motion which is currently pending in the Western District of Louisiana. *See United States v. Kirkendoll*, 5:19cr231 (W.D.La.).  The docket for the criminal case shows that the Government answered his 2255 motion on June 29, 2022, but does not reflect that a judgment has been entered.  Nor has Plaintiff set out any viable claim for relief. To the extent he seeks a declaratory judgment stating that he may evade the requirements of § 2255, such relief is unavailable under existing law. His complaint that § 2255 prevents him from accessing habeas corpus is in effect a Suspension Clause claim, which is likewise foreclosed by existing law. He states that he is not seeking relief in habeas corpus, but he cannot maintain a challenge to the validity of his conviction or sentence under 28 U.S.C. § 1331. *See Donnell v. Gonzalez*, civil action no. 4:20cv714, 2021 U.S. Dist. LEXIS 140212 (E.D.Tex. 2021); *Bradford v. Kummerfeld*, civil action no. 5:19cv143, 2020 U.S. Dist. LEXIS 175311 (E.D.Tex. 2020). Plaintiff disclaims any attempt to seek monetary damages, but says that he is seeking unspecified "special damages" under Fed. R. Civ. P. 9(g), which says that "if an item of special damage is claimed, it must be specifically stated."

To the extent Plaintiff wishes to sue the members of the 79th Congress for enacting § 2255, his claim is foreclosed by the Speech and Debate Clause of the Constitution, which provides that "for any speech or debate in either House, they [Senators and Representatives] shall not be questioned in any other place." U.S. Const., Article I, Section 6, clause 1. The Supreme Court has explained that this clause is interpreted broadly so as to effectuate its purposes, and includes within its protection anything generally done in a session of Congress by one of its members in relation to the business before it, including voting by members, committee reports, or a member's conduct at legislative committee hearings. *Doe v. McMillian*, 412 U.S. 306, 311-12 (1973); *Kilbourn v. Thompson*, 103 U.S. 168, 203-04 (1881). The immunity conveyed by the Speech and Debate Clause is absolute rather than qualified; the Fifth Circuit has explained that "the reason for an absolute rather than qualified immunity is that the prospect of an unsuccessful but burdensome lawsuit might

affect a legislator's performance of his or her legislative duties, thus distorting the democratic process. Because of our devotion to an unfettered representative government, we foreclose even well-founded lawsuits challenging the performance of Congress of their legislative roles." Davis v. Passman, 544 F.2d 865, 879 (5th Cir. 1977; accord, Tenney v. Brandhove, 341 U.S. 367, 788 (1951). Any claim which Plaintiff may bring against the Members of the 79th Congress or their successors lacks an arguable basis in law and fails to state a claim upon which relief may be granted.

## IV. Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-27 (1989). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. Montoya v. FedEx Ground Packaging System Inc., 614 F.3d 145, 149 (5th Cir. 2010), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Hershey v. Energy Transfer Partners, L.P., 610 F.3d 239, 245 (5th Cir. 2010); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. Twombly, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010), citing Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005).

A review of Plaintiff's pleadings shows that his claims lack arguable basis in law and fail to state a claim upon which relief may be granted. Consequently, his lawsuit may be dismissed.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted. Such dismissal should not affect Plaintiff's right to challenge the legality of his conviction or sentence through any lawful means.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 30th day of June, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE