IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| BOBBY B. KIRKENDOLL,<br><br>   Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§    Civil Action No. 5:22-CV-00145-RWS-JBB<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Plaintiff Bobby Kirkendoll, proceeding *pro se*, filed the above-captioned civil action asserting that he should be allowed to challenge his federal conviction through the writ of *habeas corpus* as it existed in 1789 rather than having to pursue a motion to vacate or correct sentence under 28 U.S.C. § 2255. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

Plaintiff complains that procedural barriers or circuit precedents concerning § 2255 have caused him to be injured and in immediate danger because these barriers affect his liberty to be free from unlawful detention. Docket No. 1 at 3–6. He contends that these barriers limit the relief he can receive and thus prevent him from receiving an affirmative right or privilege in violation of the Suspension Clause. *Id.* at 7.

Plaintiff goes on to state that § 2255 is the exclusive remedy by which federal prisoners can attack their convictions, but the preconditions placed on this remedy affect the privilege of *habeas corpus* as defined by the Framers of the Constitution. *Id.* at 6. He contends that he cannot seek relief in *habeas corpus* absent a showing that a motion under § 2255 is inadequate or ineffective to test the cause of his detention, but that to require him to complete a § 2255 proceeding would cause months or years of delay. *Id.* at 8. Court records show that Plaintiff currently has a § 2255 action pending in the Western District of Louisiana, his court of conviction. *E.g.*, Docket No. 1 at 17.

In a motion to amend his complaint (Docket. No. 17), Plaintiff states that his claim is against the Members of the 79th Congress, which met from January 3, 1945 to January 3, 1947, in

their official capacities. He asserts that he has been injured by the fact that this Congress enacted § 2255, apparently by removing his ability to seek *habeas corpus* relief absent a showing that the remedy under § 2255 is inadequate or ineffective. *Id.*

After review of the pleadings, the Magistrate Judge issued a Report recommending that the case be dismissed as frivolous and for failure to state a claim upon which relief may be granted. Docket No. 18. The Magistrate Judge traced the history of § 2255 and the statutory codifications of the writ of *habeas corpus* and observed that this statutory scheme has been repeatedly upheld by the courts. *Id.* at 4–5. The Magistrate Judge determined that Plaintiff did not set out any viable claim for relief and that to the extent Plaintiff sought to sue the Members of the 79th Congress for enacting § 2255, such a claim is foreclosed by the Speech and Debate Clause. *Id.* at 6–7. The Magistrate Judge also concluded that Plaintiff could not seek a declaratory judgment to the effect that he can evade the requirements of § 2255 and that his claim that he cannot access *habeas corpus* is in effect a Suspension Clause claim which is foreclosed by existing law. *Id.*

In his objections, Plaintiff asks that his lawsuit be changed to a civil action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), and that the defendants be designated as "those who authorized petitioner to apply for relief under § 2255, in [their] official capacity." Docket No. 20 at 1. He also makes this same request in a separate motion to amend, which raises the same arguments as he presents in his objections. Docket No. 21. Plaintiff states that his lawsuit is about "the Great Writ as it existed in 1789, when the Constitution was adopted" and that § 2255 is a "subrogation to this right, regardless of who authorized it to be used." *Id.* at 2. Plaintiff asserts that Congress over-reached its authority by enacting § 2255 and that he is seeking injunctive relief "to stop [ongoing] constitutional violations." *Id.* at 3.

Plaintiff states that he is attacking his conviction, but that a "conviction" is not completely synonymous with "sentences" or "judgments." Docket No. 20 at 3. He asserts that the sentencing court lacks power to issue relief or to give a remedy under § 2255 "simply by having their inherited [sic] powers limited by statute and [FED. R. CRIM. P.], and by default it becomes a legislative court.

It grabs any kind of laws created by Congress and only looks to legislation rather than the Constitution." *Id.*

Plaintiff goes on to argue that § 2255 is not *habeas corpus* but a "separate remedial vehicle" which frustrates the *habeas corpus* process. *Id.* He takes issue with the language of 28 U.S.C. § 2255(e), which states that an application for a writ of *habeas corpus* on behalf of a person who is "authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," asking who "authorized" him to apply for relief under this section and claiming that this "authorization" was done without his consent. *Id.*

Next, Plaintiff acknowledges that his § 2255 motion is pending and says that he is not seeking to circumvent the requirements of § 2255, but that he is seeking his constitutional right to the writ of *habeas corpus* first. *Id.* at 4. He complains that the term "inadequate or ineffective" is not defined by Congress, making it impossible for him to know the requirements. *Id.* Plaintiff also denies that he is raising a Suspension Clause challenge, and again says that he is attacking his conviction, not the sentence or judgment.

Plaintiff goes on to assert that there is a federal jurisdictional question because the Federal Government tried and convicted him when the State of Louisiana had jurisdiction over the case. Docket No. 20 at 8. He again maintains that § 2255 is not a *habeas* statute and complains that some unknown entity "authorized" its use without his consent. *Id.* at 9. Plaintiff further argues that § 2255 is an "extra" remedy that he can use after he has been afforded his right to *habeas corpus* and asks whether the Court is an Article III court while asserting it is "exercising powers that it has not been delegated under the Constitution." *Id.* at 10–11.

The Supreme Court has recently explained as follows:

> Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners. The First Judiciary Act authorized the federal courts "to grant writs of *habeas corpus* for the purpose of an inquiry into the cause of commitment," with a proviso that such writs could "extend to prisoners in gaol" only "where they [were] in custody, under or by colour of the authority of the United States, or [were] committed for trial before some court of the same, or [were] necessary to be brought into court to testify." Act of Sept. 24, 1789,

> § 14, 1 Stat. 82. In 1867, Congress expanded the federal courts' habeas powers to cover "all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States." Ch. 28, 14 Stat. 385. For most of our Nation's history, a federal prisoner "claiming the right to be released," § 2255(a), in a collateral attack on his sentence would have relied on these Acts and their successors.
>
> That changed with the 1948 recodification and reorganization of the Judiciary Code. *See generally* 62 Stat. 869. In enacting the present Title 28 of the United States Code, Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to "dispose of the matter as law and justice require." *Id*., at 964–965. At the same time, however, Congress created § 2255 as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences. *Id.*, at 967–968.
>
> The "sole purpose" of this innovation, as this Court acknowledged a few years later, "was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." *United States v. Hayman*, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *see also Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) ("[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus"); *accord, United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *Hill v. United States*, 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Experience had shown that processing federal prisoners' collateral attacks on their sentences through habeas proceedings—and, therefore, through the judicial districts in which they were confined—resulted in "serious administrative problems." *Hayman*, 342 U.S., at 212, 72 S.Ct. 263. Most significantly, a federal prisoner's district of confinement was often far removed from the records of the sentencing court and other sources of needed evidence. *Id.*, at 212–213, 72 S.Ct. 263. These difficulties were "greatly aggravated" by the concentration of federal prisoners in a handful of judicial districts, which forced those District Courts to process "an inordinate number of habeas corpus actions." *Id.*, at 213–214, 72 S.Ct. 263.
>
> Section 2255 solved these problems by rerouting federal prisoners' collateral attacks on their sentences to the courts that had sentenced them. To make this change of venue effective, Congress generally barred federal prisoners "authorized to apply for relief by motion pursuant to" § 2255 from applying "for a writ of habeas corpus" under § 2241. § 2255(e). But, in a provision that has come to be known as the saving clause, Congress preserved the habeas remedy in cases where "the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention." *Ibid*.

*Jones v. Hendrix*, 143 S.Ct. 1857, 1865-66 (2023) (footnote omitted). Thus, Plaintiff's contention that § 2255 should be subordinate to *habeas corpus* and that the statute prevents him from exercising his rights in *habeas corpus* is without merit. His pending motion under § 2255 allows him to challenge his conviction in the convicting court, and he has offered nothing to show that this remedy is inadequate or ineffective to test the legality of his detention. While Plaintiff complains that he has been prosecuted by the Federal Government as well as the State of Louisiana for the same

conduct, this complaint is foreclosed by the dual sovereignty doctrine. *See Gamble v. United States*, 139 S.Ct. 1960, 1965 (2019).

To the extent Plaintiff seeks to sue the Members of the 79th Congress, who presumably are "those who authorized petitioner to apply for relief under § 2255," the Magistrate Judge correctly determined that such claim is barred by the Speech and Debate Clause. Plaintiff's request to recast his lawsuit as a *Bivens* action likewise lacks merit because *Bivens* claims are recognized only in certain limited contexts, into which this case does not fall.[1] Plaintiff has not shown that he is entitled to any type of relief in this case and his objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (providing that a district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") The Court has also carefully reviewed Plaintiff's amended complaint, motions to further supplement or amend the complaint, and motion to correct the procedural posture of the case. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 20) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 18) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. The dismissal of this

---

[1] The Fifth Circuit has held that *Bivens* claims are currently recognized in only the following factual situations: "(1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment," (2) "discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment," and (3) "failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment." *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (citations omitted). The Fifth Circuit and the Supreme Court have cautioned against extending *Bivens* to new contexts. *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021), *citing Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1861 (2017).

lawsuit shall not affect Plaintiff's right to challenge his conviction or sentence through any lawful means. It is further

**ORDERED** that any pending motions in the above-captioned case (including but not limited to Docket Nos. 2, 3, 7, 9, 10, 11, 15, 16, 17, and 21) are **DENIED**. A final judgment will be entered in this case in accordance with this Order.

**So ORDERED and SIGNED this 20th day of September, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE